IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HEBER CENTENO, #65426-179 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv811 |
| | § | CRIMINAL ACTION NO. 4:14cr81(10) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Heber Centeno's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. After careful consideration and for the reasons stated below, the Court will deny the motion.

## BACKGROUND

On July 27, 2015, Movant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, without a written plea agreement. On January 11, 2016, the Court sentenced Movant to 360 months' imprisonment. The Fifth Circuit Court of Appeals affirmed Movant's judgment on September 8, 2016. *United States v. Centeno*, 668 F. App'x 601 (5th Cir. 2016). In its opinion, the Fifth Circuit held that the Court did not err by adding two points to Movant's offense level for possessing a dangerous weapon and for maintaining a premises for manufacturing or distributing a controlled substance. *Id.*

The instant motion was filed on October 24, 2016. Movant asserts he is entitled to relief because his counsel was ineffective in several instances. The Government filed a response, claiming Movant is not entitled to relief, to which Movant filed a reply.

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to

counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that his attorney's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland,* 466 U.S. at 697. A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Id.*

**Advice Concerning Factual Resume**

Movant claims counsel was ineffective for advising him to sign the factual resume. Specifically, Movant claims the factual resume contained false information concerning the possession of a firearm. The Court notes that Movant's possession of a firearm was found to be relevant conduct in the Presentence Report ("PSR"). After conducting a thorough review, the Court finds that the firearm possession is not mentioned in the factual resume. The factual resume shows that Movant agreed he was involved in a conspiracy of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams of methamphetamine (actual). Movant admitted his role in the conspiracy was to supply co-conspirators with methamphetamine,

3

which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy. There is nothing in the factual resume concerning firearms. The record does not support Movant's claim.

Additionally, Movant claims counsel was ineffective for advising him to sign the factual resume because it contained false information concerning the methamphetamine found at Movant's place of business. For the same reason, this issue is without merit. The PSR noted that methamphetamine was found at Movant's business – not the factual resume. There is nothing in the factual resume concerning methamphetamine found at Petitioner's business. Accordingly, the record does not support Movant's claim.

In his reply, Movant contends that even if he erroneously stated that the objectionable information was contained in the factual resume, counsel should have objected. A review of the record shows that counsel did object to each of these issues – both in his written objections, and again, at the sentencing hearing. The Court overruled the objections. Movant fails to show counsel was deficient or that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that there is a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. The issues are without merit.

**Drugs from Mexico**

Movant next claims that his counsel was ineffective for failing to challenge that Movant knew any drugs or drug paraphernalia were imported from Mexico. Contrary to Movant's assertion, counsel did object to this finding in his written objections and at the sentencing hearing. At sentencing, the Government noted that Movant "gave a statement admitting that he knew the drugs

4

came from Mexico and also that the business where those firearms and the drugs were found were – that was the purpose for having that business." The Government was about to call Farmers Branch Lieutenant Phil Foxall to testify to Movant's statement. In response, counsel informed the Court:

> And my client has confirmed that he made that statement. I was unaware of that and we're going to withdraw objection two at this time.

Criminal Action No. 4:14cr81(10) (Dkt. #546, p. 8). The record shows that counsel withdrew the objection and Movant agreed to its withdrawal.

Because Movant conceded that he made the admission that he knew the drugs were imported from Mexico, any continuing argument trial counsel would have advanced in this vein would have been frivolous. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Movant fails to show his counsel was deficient or that, but for counsel's alleged error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that there is a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. This issue is without merit.

**Appellate Counsel's Failure to Challenge Two-Point Addition to Criminal Score**

Lastly, Movant complains appellate counsel was ineffective for failing to raise on direct appeal that it was error to add two points to his criminal score. The two points were added because the Court concluded that Movant committed the instant offense while still serving a sentence for possession of marijuana.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that, had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th

5

Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749 (1983).

First, the record shows that trial counsel objected to the addition of the two points to Movant's criminal history. Specifically, counsel argued that, because Movant was discharged from supervision on the possession of marijuana count prior to the time that the FBI began investigating the instant offense, the points should not be added. Trial counsel for Movant noted in his written objections:

> With respect to the conviction for Possession of Marijuana More than 50 Pounds but Less than 2,000 Pounds, [probation officer] notes that [Movant] was released on

mandatory supervision on February 16, 2012, and was discharged from supervision on March 27, 2013.

Criminal Action No. 4:14cr81(10) (Dkt. #475, p. 10).

Second, the record shows that in response to this objection, it was noted that regardless of whether or not the two points were added, "[i]t gives him ten points instead of 12, which is still a criminal history Level V." *Id.* (Dkt. #546, p. 8). The Court overruled the objection:

> The last objection is the issue on your criminal history. The government is correct. You pleaded open to the indictment, which the indictment established that conspiracy occurred from January 2011 to August or October 8, 2014, and so I think that was properly applied and your objection is overruled.
>
> The government is also correct and probation points out that even if it was incorrectly applied, it would not change your criminal history category. So even if I'm wrong, it doesn't change the result, but I don't believe we are wrong in applying that criminal history – those points.

*Id.* (Dkt. #546, p. 10-11).

Movant pleaded guilty to an open plea to the indictment, which established that the instant conspiracy began prior to Movant's discharge from the marijuana possession conviction. Movant has not shown that the Court erred in applying the two points to his criminal history. Accordingly, Movant fails to show that, but for his appellate counsel's failure to file a merits brief raising this issue, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285. This issue is without merit.

## CONCLUSION

In conclusion, Movant fails to show his trial counsel was deficient or that, but for counsel's alleged errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59.

Finally, Movant fails to show that, but for his appellate counsel's failure to file a merits brief addressing the addition of two points to his criminal score, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285. Movant fails to show that he is entitled to habeas relief.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

Therefore, it is **ORDERED** that Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED,** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIE**D.

**SIGNED this 11th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE